UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN P. HODGE,

    Plaintiff,

v.                                        Case No. 1:13-cv-834
                                                Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born on May 30, 1965 (AR 178).[1] Plaintiff alleged a disability onset date of December 8, 2006, which he later amended to September 11, 2011 (AR 13, 178). He earned a GED, is certified in heating and cooling service, and had previous employment as a construction laborer, an installer and service technician for a heating and cooling company, a landscaper and a truck driver (AR 183-84). Plaintiff identified his disabling conditions as: pulmonary embolism; left hip arthritis; edema right leg; ulcers on right leg; "acute clinical [anticoagulation] anti-thrombotic"; anxiety; hemostasis coagulation disorder; iliofemoral thrombosis idiopathic obstruction; right leg severe thrombosis; and chronic venous stasis (AR 182). An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits on April 19, 2013 (AR

---

[1] Citations to the administrative record will be referenced as (AR "page #").

13-20). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

2

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases."  *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007).  "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of December 8, 2006 and that he met the insured status requirements under the Act through December 31, 2013 (AR 15).[2] At the second step, the ALJ found that plaintiff had severe impairments of right calf cellulitis and chronic deep vein thrombosis (DVT) (AR 15). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 16).

The ALJ decided at the fourth step that "has the residual functional capacity to perfonn light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasionally climb, balance, kneel, crouch, or crawl; and frequently stoop" (AR 16). The ALJ also found that plaintiff was unable to perform any past relevant work (AR 18). At the fifth step, the ALJ determined that plaintiff could perform a range of unskilled light work in the national economy (AR 19). Specifically, plaintiff could perform the following work which exists in the national economy: production worker (272,000 jobs); packager (188,000 jobs); and inspector, tester and sorter (130,000 jobs) (AR 19). Accordingly, the ALJ determined that plaintiff was not under a disability, as defined

---

[2] The Court notes that the ALJ's finding is based upon plaintiff's original alleged onset date of December 8, 2006 rather than the amended onset date of September 11, 2011 (AR 13, 15). In this regard, plaintiff testified that he worked through October 10, 2009 (AR 39, 49).

in the Social Security Act, from December 8, 2006 (the original alleged onset date) through April 19, 2013 (the date of the decision) (AR 19-20).

### III. ANALYSIS

Plaintiff raised one issue on appeal:

**The ALJ breached his "special duty" involving unrepresented claimants -- and the error is not harmless.**

Plaintiff appeared *pro se* at the administrative hearing. Plaintiff, through counsel, now contends that the ALJ breached his special duty to develop the record for plaintiff at that hearing. By way of background, plaintiff entered into an agreement to appoint Attorney Gary W. Bimberg as his representative in connection with his applications for DIB and SSI and entered into a contingent fee agreement with Mr. Bimberg on March 5, 2012 (AR 91-92). In a letter to the Social Security Administration (SSA) dated September 27, 2012, Attorney Bimberg requested a hearing on June 29, 2012, because plaintiff was "in jeopardy of losing his utilities" (AR 122). Some months later, in a letter dated December 7, 2012, Attorney Bimberg advised the SSA that he was withdrawing from representation of plaintiff (AR 124). The administrative hearing was held on April 15, 2013 (AR 25-65).

The ALJ has a "special duty" to develop the administrative record and ensure a fair hearing for claimants when three special circumstances exist: the claimant is without counsel; the claimant is not capable of presenting an effective case; and, the claimant is unfamiliar with hearing procedures. *See Wilson v. Commissioner of Social Security*, 280 Fed. Appx. 456, 459 (6th Cir. 2008), citing *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). When this special duty exists, the ALJ must scrupulously and conscientiously explore all of the facts relevant to the claims of the unrepresented claimant. *Lashley*, 708 F.2d at 1051-52.

Here, the record plaintiff met the requirements necessary to trigger the ALJ's special duty to develop the record. First, plaintiff appeared without counsel. It appears that plaintiff's counsel, Mr. Bimberg, had spent some time preparing the case. For example, at the administrative hearing, plaintiff testified that he had "some issues" with Mr. Bimberg "in regards to what was pertinent records and what was not pertinent records," with plaintiff stating that Bimberg "had gathered basically one piece of records [sic]" (AR 28). It appears that these "issues" resulted in Mr. Bimberg's withdrawal as plaintiff's counsel. Second, although plaintiff was literate and prepared, he was not capable of presenting an effective case. A review of the hearing transcript reflects that he did not completely understand how to prove a disability claim. Third, the transcript reflects that plaintiff was unfamiliar with hearing procedures.

Faced with a *pro se* plaintiff who "had issues" with his former counsel, the ALJ fulfilled his special duty by exploring all of the facts relevant to plaintiff's claim. At the commencement of the administrative hearing, the ALJ noted that plaintiff had been represented by counsel in the matter, but was not represented by counsel at the hearing (AR 27). The ALJ advised plaintiff of his right to be represented by counsel (AR 27-28). Plaintiff acknowledged that he intended to proceed without a representative (AR 29-30). The ALJ noted that he had reviewed the exhibits in plaintiff's file through Exhibit 8F, that plaintiff handed him a stack of papers which he reviewed that morning, and that the ALJ's staff was reviewing the stack to remove duplicates (AR 30-31).

At the hearing, the ALJ questioned plaintiff about his work history, his complaints, his alleged limitations and the reasons why plaintiff felt he was entitled to disability (AR 32-55). The ALJ found that plaintiff could not perform any of his past relevant work and questioned a

vocational expert (VE) about plaintiff's ability to perform other work in the national economy (AR 55-57). The ALJ also allowed plaintiff to question the VE (AR 57). At various times throughout the hearing, the ALJ advised plaintiff of the applicable procedures, asked plaintiff how his proposed evidence supported a claim of disability, clarified the date on which plaintiff could not longer work (i.e., the alleged disability onset date), and allowed plaintiff to present a closing argument in support of his claim (AR 29-31, 38-39, 53-55, 58-64). The administrative record included plaintiff's medical records from December 8, 2006 through December 17, 2012 (four months prior to the administrative hearing) (AR 243-314). The medical records included a consultative examination by Bharti Sachdev, M.D. (AR 298-300). For these reasons, the Court concludes that the ALJ performed his special duty to scrupulously and conscientiously develop the record. *See Thomas v. Commissioner of Social Security*, 550 Fed. Appx. 289, 290 (6th Cir. 2014) (the ALJ properly developed the record of a *pro se* claimant "by questioning [the claimant] about her background, medical issues, and activities and by consulting with the vocational expert concerning [the claimant's] work capacity"). Accordingly, plaintiff's claim of error will be denied.

### IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated:  September 22, 2014          /s/ Hugh W. Brenneman, Jr.
                                    HUGH W. BRENNEMAN, JR.
                                    United States Magistrate Judge